LOUIS BUSCHING AND DOROTHY BUSCHING, PLAINTIFFS,
v. TUNIS VANDENBERG AND MATHEW THYSSEN,
DEFENDANTS.

Decided December 22, 1930.

Before Justice PARKER at Chambers.

On motion of Aaron L. Simon.

For the plaintiff, *Julius A. Kepsel.*

For the defendant Thyssen, *Aaron L. Simon.*

Memorandum for information of counsel.

The defendant Thyssen having failed to file an answer
within the time limited by law, judgment interlocutory by
default was entered against him and the plaintiff therefore
was in a position to have the damages which are unliquidated
assessed by a jury as on a writ of inquiry as to said defendant.

Application was made to me for a rule to show cause why
the judgment should not be opened on the ground of surprise
and merits. It may be assumed that sufficient merits have
been shown; the matter of surprise is on a very different
footing. The claim as advanced by the moving affidavits was
that the defendant, who was the owner of one of the auto-
mobiles concerned in the collision out of which this accident
arose, was insured in a certain insurance company at the
time of the accident and that he promptly forwarded the sum-
mons and complaint to that company for attention; that the

company retained them until after the time to answer had expired and then returned them to the defendant with a letter stating that, so far as their records show, the defendant was not insured with that company. Counsel was advised by me that if any rule was to be made, it would only be upon proper proof that such a policy was in existence and in force. There has been some delay due to correspondence, and now at this writing it develops that the defendant never did have a policy issued in his own name but, as stated in a letter from his counsel, he purchased the automobile in Florida and was informed by the seller that a policy of insurance was in effect and that the seller would have the insurable interest transferred and send on the policy to the defendant. There was absolutely nothing to indicate that any such action was ever taken and the best proof of this is that the defendant is unable to produce any policy.

The result is that, conceding that merits are shown, there is no surprise and the application for a rule to show cause is therefore denied.